EDWARD F. BERKNER v. O. J. OLSON.[1]

July 3, 1919.

No. 21,319.

</div>

**Bills and notes — former judgment not a bar to action.**

The finding that a former adjudication between the parties is not a bar to any of the causes of action stated in the complaint herein is sustained by the record.

[1] Reported in 173 N. W. 568.

Action in the district court for Brown county to recover $102.68 upon four promissory notes. Defendant interposed a counterclaim. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Albert Hauser,* for appellant.

*Pfaender & Erickson,* for respondent.

HOLT, J.

Berkner, the plaintiff, sued upon four small promissory notes made by Olson, the defendant. The notes were not executed at the same time. The aggregate amount due was $102.68, and some interest. Olson pleaded a prior adjudication in bar, and also a counterclaim. The court found none of the four causes of action barred by the judgment in the former suit. A portion of the counterclaim was held valid, and deducting that from the amount due on the notes left a balance in favor of Berkner, for which judgment was entered. Olson appeals.

The only question presented is whether the finding that the former adjudication constituted no bar is sustained by the record. The answer sets out in full the pleadings in the former suit and alleges that, at the trial thereof, the notes were in issue and were received in evidence, and that judgment was entered in favor of Olson on the merits.

The pleadings so set out disclose that the action was brought by Olson to recover the value of 250 bushels of corn, alleged to have been wrongfully converted by Berkner. The answer was that Olson was Berkner's tenant under a written lease by the terms of which a farm was let to Olson on shares, the crops raised to belong to Berkner until harvested and a division thereof had been made, and that Berkner had the right to enter the farm and possess himself of enough of Olson's share of the crops to reimburse Berkner for all advances made to Olson. The answer also alleged that Olson had raised the corn mentioned in the complaint under the lease; that there had been no division of the crops; that Olson had violated the terms of the lease; that Berkner had advanced and paid to Olson for his use while such tenant moneys and property of the value of $280, which amount was owing at the time the corn mentioned in the complaint was taken by Berkner; that he took

the corn under the provisions in the lease to reimburse himself for the moneys so advanced, and that the corn taken did not exceed in value the sum of $150. There was a verdict in the sum of $129.37 in Olson's favor. The judgment entered upon the verdict has been satisfied.

Clearly an adjudication of the four causes of action set forth in the complaint in this case is not shown by an introduction of the judgment roll in the former action, for no mention of any note is found either in the pleadings or the judgment. The burden was upon Olson, who pleaded the former adjudication in bar, to prove that each cause of action, or each note, entered into, or properly should have entered into the verdict rendered therein. Even if it be conceded that the verdict in the former case cannot be explained upon any other hypothesis than that one or more of the notes were applied in its reduction, they could not all have been so applied, and it is impossible to determine which one was. Hence the defendant Olson has failed to sustain his plea as to any one of the four causes of action.

The printed record, although certified as containing all the evidence, clearly shows that the stenographic record of the testimony in the former action was received in this trial, but no part thereof is here. All we have, outside of the pleadings above summarized, is the testimony that the four notes were offered and received in evidence. And we have also the court's charge in the former case, wherein the jury were instructed, in substance, not to consider the notes or any of the alleged $280 indebtedness, if they found that the corn crop had been divided, and that the corn taken by Berkner was the corn that had been set apart as Olson's share. In that event there should be a verdict for Olson for the full value of the corn taken. If they found there had been no division, Berkner had the right under the lease to take away and retain enough of the crop in question to repay "the advances made and any debt due him from plaintiff (Olson) at the time the corn was taken, and in such case he did not need any attachment or other papers for that purpose. If you find such to be the facts then it becomes necessary for you to determine, from the evidence, the amount that the plaintiff, Olson, was indebted to defendant, Berkner, for advances and on account of the notes and on all accounts on November 16, 1916, at the time this corn was taken, and to offset such indebtedness against the

market value of the corn taken, as you find such value to have been." The jury were not permitted to find a verdict against Olson in case his indebtedness to Berkner exceeded the value of the corn taken. The indebtedness in whatever form could be used only as a set-off, if it was found that there had been no division. The court also told the jury that the only evidence as to market value of the corn was 77 cents per bushel.

The argument of appellant is that, the verdict being for less than the market value and less than the admitted value, necessarily the jury determined that there had been no division and hence set off some of the indebtedness claimed by Berkner from Olson. But the question is, has Olson proven in this action that it was any one of the four notes in suit rather than the alleged indebtedness apart from the notes? We think not. Nor are we prepared to say that the learned trial court's finding, that none of the causes of action are barred by the prior adjudication, is not sustained on the theory that the jury found a division of the corn had been made, in which case all matters of offset were indirectly withdrawn from the suit.

Had the indebtedness alleged in the answer in the former suit been in the same amount as one of the notes, and had there been testimony showing that that note had been introduced in evidence, the conclusion, perhaps, would be inevitable that it entered into the verdict where, as here, it was for an amount less than the admitted value of the corn converted. But such is not the case. The offset pleaded was twice the aggregate amount of the notes received in evidence, and each note is a separate cause of action. It is therefore an impossibility to prove which cause of action, or note, if any at all, was used as a set-off. The claims or notes not so used were, by the instructions of the court, eliminated from the case. It is to be noted that the issue upon these notes in the former action was not submitted to the jury except conditionally, and the present record does not show that the condition ever arose for the jury to consider either all or any one of them.

The order must be affirmed.